Daniel, J.
The case turns on the effect of the: sealed memorandum of the 8th April 1847 endorsed On the bond. In the written notes of argument filed by the counsel of the respective parties, it is contended on the part of the plaintiff in error, that the memorandum constitutes a new agreement wholly distinct from the bond of submission, and that the remedy for any failure to keep it is by an action of covenant on the agreement, and not by a suit on the bond; and, as authority in support of this position, the cases of Freeman v. Adams, 9 John. R. 115, and Brown v. Goodman, in a note to 3 T. R. 592, are referred to. Whilst, on behalf of the defendant in error, it is contended that the memorandum is to be considered, by relation to the date of the bond, as constituting part' of the condition, and that the proper remedy for a breach is that which has been pursued, to wit: suit *249 on the bond; and the cases of Shermer v. Beale, 1 Wash. 11, and Gordon v. Frazier, 2 Wash. 130, are cited as showing that the latter construction is in accordance with the decisions of this court.
The case of Freeman v. Adams, it must be admitted, is a direct authority in support of the views of the appellant. It will be seen, however, on an examination of the opinion of the court in that case, that it rests entirely on the case of Brown v. Goodman, mentioned above, and the case of Evans v. Thomson, 5 East’s R. 189. And, in the case of Creig v. Talbot, 2 Barn, and Cres. 179, 9 Eng. C. L. R. 56, which was similar in all its features to that of Freeman v. Adams, Brown v. Goodman and Evans v. Thomson were- very fully reviewed, and shown to furnish no authority for the proposition that an action could not, in such case, be maintained on the bond. The declaration in the case of Creig v. Talbot, after setting out the condition of the bond, stated that before the time therein limited for the making of the award had expired, the parties, by a deed endorsed on the back of the bond, agreed to give the arbitrators further time for making the award, and that an award was made within the-extended time; and alleged nonperformance. Upon demurrer, the court were unanimous in holding that the action was maintainable. The judges in delivering their opinions, said that the legal effect of the endorsement was not to drive the party to his action on that, but to vary the day mentioned in the condition of the bond, and to introduce as a term into that condition the extended period of time for making' the award; that it was not the purpose of the parties to substitute the second deed in lieu of the bond, as a new and independent agreement of reference, but merely to vary the defeasance or condition, and to keep the bond in force- as a subsisting security. Bayley, J. said that the case was clearly distinguishable from Brown v. *250 Goodman, because there the submission was by deed, and it did not appear that the consent to enlarge the term was by deed ; and he might have also added, that it did not appear that such consent was endorsed on the deed. Evans v. Thomson, he proceeded to show, instead of being authority against the right to maintain the aetion on the bond, was a strong case in its favor. Upon the authority of that case, the deed endorsed on the bond, he said, might be considered as virtually incorporating in it all the antecedent terms contained in the condition of the bond, (with the alteration of the time within which the award was to be made,) and might then be treated as a defeasance to the bond substituted in lieu of the original condition ; and that the endorsement did not affect the bond as a security for the performance of the award, but only subjected it to a new defeasance. This decision was followed by the Supreme court of New Hampshire in the case of Brown v. Copp, 5 N. H. R. 346. The same doctrine also prevailed in the case of Penman v. Gardner, 1 Brevard’s R. 498, decided by the Constitutional court of South Carolina.
It will be seen that Creig v. Talbot differs from Shermer v. Beale, in this : that whilst, in the first mentioned case, the endorsement is held as incorporating the antecedent condition of the bond, and thus constituting in the whole a new defeasance, in the last it was held, in the language of the court, that “ the endorsement is to be considered as incorporated with, and as part of the condition of the bond, so as to constitute one entire agreement, and to be taken by relation to the date of the bond, so as to bring it within the original rule.” The effect of each decision on the precise question before us is, however, exactly the same. For, whether we regard the endorsement as drawing to it the original condition, and making a new defeasance, or, by the fiction of relation, treat the *251 endorsement as incorporated into the condition, in either case the original condition and the endorsement, as modified the one by the other, must be read as one entire agreement; and the bond still stands as a security for its performance.
The principles of Shermer v. Beale have been recognized by this court in the case of Gordon v. Frazier, 2 Wash. 130, and also in the case of Stone v. Hansbrough, 5 Leigh 422, and may be now regarded as well settled law in this state: And they seem to me to rule this case. I think the judgment ought to be affirmed.
The other judges concurred in the opinion of Judge Daniel.
Judgment affirmed, but without damages, the petition for the supersedeas having been presented before the 1st of July 1850, though not granted until after that date.